IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY REED,<br><br>    Plaintiff,<br><br>  v.<br><br>INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, MOTION PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS OF THE UNITED STATES, ITS TERRITORIES AND CANADA, LOCAL 16, et al.,<br><br>    Defendants | No. C-05-2839 MMC<br><br>**ORDER DENYING MOTION TO DISMISS AS MOOT; ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE REMANDED**<br><br>(Docket No. 4) |

On May 13, 2005, plaintiff filed a complaint in state court, alleging eight causes of action: the first four causes of action based on violations of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940, and the remainder based on violations of common law. On July 12, 2005, defendants International Alliance of Theatrical Stage Employees, Motion Picture Technicians, Artists and Allied Crafts of the United States, its territories and Canada, Local 16 ("Local 16"), F.X. Crowley ("Crowley"), and Richard J. Putz ("Putz") removed the action to federal court on the basis of federal question jurisdiction, asserting that plaintiff's common law causes of action are completely preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and, therefore, governed by federal law. (See Notice of Removal ¶ 10.)

On July 13, 2005, Crowley and Putz filed a motion to dismiss the claims asserted against them. In the motion, Crowley and Putz argue that, absent an allegation of harassment, individual supervisory employees are not subject to personal liability under FEHA. They further argue that plaintiff's common law claims are preempted by the LMRA, and that individuals are not subject to personal liability under the LMRA.

On August 3, 2005, rather than oppose the motion, plaintiff filed an amended complaint, in which she deleted all of her common law claims and amended her FEHA claims. The Federal Rules of Civil Procedure allow a party to "amend the party's pleading once as a matter of course at any time before a responsive pleading is served." See Fed. R. Civ. P. 15(a).[1] As no answer has been filed to date, plaintiff had the right to file an amended complaint. See Id. As the amendments address claims that are the subject of the motion to dismiss, the motion to dismiss the claims as originally pleaded is hereby DENIED as moot. See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997) (noting an amended complaint "supersedes the original, the latter being treated thereafter as non-existent").[2]

In amending her complaint, plaintiff has dismissed all of the claims upon which defendants relied for removal. All of the remaining claims are state law claims, and there is no allegation of diversity. As no allegation of federal question jurisdiction remains, the parties are hereby ORDERED TO SHOW CAUSE why the instant action should not be remanded pursuant to 28 U.S.C. § 1367(c)(3). No later than August 22, 2005, defendants shall file a response to the order to show cause. No later than August 29, 2005, plaintiff shall file a reply to defendants' response. As of August 29, 2005, the Court, unless the

//
//

---

[1] A motion to dismiss is not a responsive pleading. See Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000).

[2] The Court expresses no opinion as to whether the amended causes of action state claims upon which relief may be granted.

2

1  parties are otherwise advised, will take the matter under submission.

2      This order terminates Docket No. 4.

3  **IT IS SO ORDERED.**

4  Dated: August 8, 2005

                                          MAXINE M. CHESNEY
                                          United States District Judge

3