IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY REED,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, MOTION PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS OF THE UNITED STATES, ITS TERRITORIES AND CANADA, LOCAL 16 et al.,<br><br>　　　　Defendants<br>　　　　　　　　　　　　　　　　　　/ | No. C 05-2839 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE; VACATING HEARING**<br><br>(Docket No. 18) |

　　　　Before the Court is defendants' motion, filed August 23, 2005, to strike plaintiff's First Amended Complaint for failure to obtain a stipulation from defendants or leave of court prior to filing the complaint.

　　　　Rule 15(a) of the Federal Rules of Civil Procedure provides that a party "may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." See Fed. R. Civ. P. 15(a).  "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Id.

　　　　 As defendants correctly note, defendant International Alliance of Theatrical Stage

Employees ("IATSE") filed an answer to plaintiff's initial complaint on July 18, 2005. Although the Court struck the answer, without prejudice, on July 29, 2005, due to IATSE's failure to provide a chambers copy, IATSE refiled the answer on August 1, 2005. Plaintiff filed her First Amended Complaint two days later, on August 3, 2005. Thus, as defendants correctly point out, plaintiff filed her First Amended Complaint in violation of Rule 15(a), because IATSE had already answered the original complaint at the time the First Amended Complaint was filed and plaintiff did not obtain a stipulation of the parties or leave of court before filing the amended complaint.

Plaintiff's First Amended Complaint was filed in lieu of responding to the then-pending motion to dismiss filed by defendants F.X. Crowley and Richard J. Putz. In filing the First Amended Complaint, plaintiff deleted several causes of action that were challenged in defendants' motion to dismiss. As noted, "leave to amend shall be freely given when justice so requires." See Fed. R. Civ. P. 15(a). Neither the defendants nor the Court has any interest in precluding plaintiff from streamlining her complaint to delete extraneous causes of action. Although the Court could strike the amended complaint and require plaintiff to seek leave to delete the extraneous causes of action, such an order would serve no useful purpose. Consequently, the Court will deny defendants' motion to strike the First Amended Complaint, to the extent defendants challenge plaintiff's deletion of various causes of action from the complaint.

The First Amended Complaint also includes, however, a new cause of action for harassment based on sex and disability, in violation of the California Fair Employment and Housing Act ("FEHA"), based on newly alleged facts. The Court agrees with defendants that plaintiff was required to seek leave of court, or consent of defendants, before amending her complaint to add this new cause of action. As plaintiff failed to do so, the Court will grant defendants' motion to strike this new cause of action.

Accordingly, for the reasons set forth above, the Court hereby GRANTS in part and DENIES in part defendants' motion to strike the First Amended Complaint, as follows:

1. Defendants' motion to strike the First Amended Complaint is DENIED to the

1  extent defendants challenge plaintiff's deletion of various causes of action that were alleged
2  in the initial complaint.  Plaintiff is GRANTED retroactive leave to amend her complaint to
3  delete said causes of action.

4      2.  Defendants' motion to strike is GRANTED to the extent defendants challenge
5  plaintiff's new cause of action for harassment based on sex and disability, and said cause
6  of action is hereby STRICKEN without prejudice to plaintiff's seeking leave to amend the
7  complaint to include such new cause of action.

8      This order terminates Docket No. 18.

9      **IT IS SO ORDERED.**

10 Dated: September 28, 2005

11                         MAXINE M. CHESNEY
                          United States District Judge