IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY REED,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, MOTION PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS OF THE UNITED STATES, ITS TERRITORIES AND CANADA, LOCAL 16 et al.,<br><br>　　　　　Defendants<br>　　　　　　　　　　　　　　　　　　　／ | No. C 05-2839 MMC<br><br>**ORDER REMANDING ACTION** |

On August 8, 2005, the Court issued an order to show cause why the instant action should not be remanded, pursuant to 28 U.S.C. § 1367(c)(3). Defendants International Alliance of Theatrical Stage Employees ("IATSE"), Motion Picture Technicians, Artists and Allied Crafts of the United States, its Territories and Canada, Local 16 ("Local 16"), F.X. Crowley ("Crowley"), Richard J. Putz ("Putz"), and Rod McLeod ("McLeod") filed a response to the order to show cause on August 22, 2005. Plaintiff Sandy Reed filed a reply to defendants' response on August 29, 2005. Having read and considered the papers filed by plaintiff and defendants, the Court will REMAND the instant action, for the following reasons:

1. Claims brought under the California Fair Employment and Housing Act ("FEHA") are not preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, because the statutory right to be free from discrimination exists independently of private agreements, such as collective bargaining agreements and union constitutions and bylaws, and, consequently, cannot be altered or waived by means of any such agreement. See, e.g., Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 749 (9th Cir. 1993) (finding FEHA claim not preempted by § 301 of the LMRA because where "nonnegotiable rights exist independently of rights established by contract, evaluation of the claim asserted does not require consideration of the terms of any bargaining agreement"); see also Ackley v. Western Conference of Teamsters, 958 F.2d 1463, 1476 (9th Cir. 1992) (holding a "union constitution is considered a contract between the union and its members" for purposes of § 301).

Audette v. Int'l Longshoremen's and Warehousemen's Union, 195 F.3d 1107 (9th Cir. 1999), on which defendants rely, is distinguishable from Ramirez, as the Ninth Circuit itself expressly recognized, and, consequently, from the instant action as well. See id. at 1113. In Audette, the claim at issue was for discriminatory and retaliatory breach of a settlement agreement, which, unlike the instant action, and as the Ninth Circuit observed, did not "not involve a free-standing claim of discrimination." See id. at 1113.

2. The duty of fair representation set forth in § 9(a) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 159(a), has no bearing on the instant claims, as plaintiff alleges she is not a member of the union. See Simo v. Union of Needletrades, Industrial & Textile Employees, 322 F.3d 602, 614 (9th Cir. 2003) (holding duty of fair representation under NLRA "does not apply where the union is not representing the workers in question"); see also Karo v. San Diego Symphony Orchestra Ass'n, 762 F.2d 819, 821 (9th Cir. 1985) (holding union's duty of fair representation does not extend to persons who are "not employees in the bargaining unit"). Plaintiff's allegation that an unauthorized grievance was purportedly filed on her behalf does not serve to distinguish the instant action from the above-cited cases finding the duty of fair representation arises only as to union members.

3.  As none of the claims remaining in the instant action raises a federal question, and there is no allegation of diversity jurisdiction, the Court declines to assume supplemental jurisdiction over plaintiff's state law claims.  See 28 U.S.C. § 1367(c)(3) (authorizing district court to decline to exercise supplemental jurisdiction where all claims over which it has original jurisdiction have been dismissed); see also Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims").

Accordingly, the Court hereby REMANDS the instant action to the California Superior Court for the City and County of San Francisco.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 28, 2005

_____
MAXINE M. CHESNEY
United States District Judge